464

In the Matter of the Application of Henry J. Wilson, Petitioner, Appellant, for an Order Restraining Everett Lee and Harold L. Newkerk, Constituting the Board of Elections of the County of Delaware, Respondent, from Preparing Ballots for the Submission of Questions Contained in Group A, Article 9, Section 141, of the Alcoholic Beverage Control Law to the Voters of the Town of Walton, Delaware County, New York, at the General Election to Be Held November 3, 1936, and an Order Restraining Alexander J. Neish, Town Clerk of the Town of Walton, Delaware County, New York, Respondent, from Printing, Publishing and Posting Notices that the Questions Set Forth in Group A of the Alcoholic Beverage Control Law as Contained in Article 9, Section 141, Will Be Voted on at the General Election to Be Held November 3, 1936, by the Electors of the Town of Walton, Delaware County, N. Y.

Robert A. Tweedie, Chairman, and Others, as Committee Named in Local Option Petition, Respondents.

Third Department, October 27, 1936.

*Arthur E. Conner* [*Paul F. Eaton* of counsel], for the petitioner, appellant.

*Samuel H. Fancher*, for the respondents Alexander J. Neish, town clerk of the town of Walton, N. Y., and Everett Lee and Harold L. Newkerk, constituting the board of elections of the county of Delaware, N. Y.

*Hamilton J. Hewitt*, for Robert A. Tweedie, chairman and others, as committee named in local option petition, respondents.

PER CURIAM. This is an appeal from an order of the Broome County Special Term made on October 2, 1936, denying an application to restrain the board of elections of the county of Delaware from preparing ballots for the submission of questions contained in group A of section 141 of article 9 of the Alcoholic Beverage Control Law to the voters of the town of Walton, Delaware county, at the general election to be held on November 3, 1936, and the town clerk of the town of Walton from publishing the statutory notices of the submission of such questions and for a declaration that the petition which was filed with the clerk of the town of Walton for the submission of such questions be declared invalid.

There was filed with the town clerk of the town of Walton on the 19th day of September, 1936, a petition requesting the submission to the electors of that town at the general election to be held on November 3, 1936, of the three questions contained in group A of section 141 of article 9 of the Alcoholic Beverage Control Law. These questions relate, respectively, to the selling in the town of alcoholic beverages, to be consumed on the premises where sold, not to be consumed on the premises where sold, and to sale by hotelkeepers only. Two points are presented here, *first*, that the petition itself is invalid, and *second*, that the questions under group A may not be submitted at this coming general election because questions under group B of section 141 were submitted and voted at the general election held in November, 1935.

The petition herein alleges upon information and belief that the petition for the submission of the questions filed with the clerk of the town of Walton purporting to contain signatures of 629

qualified electors was not the same and identical petition which said purported voters signed. In support of this allegation is a statement contained in an affidavit attached to the petition herein to the effect that the affiant had a conversation with one Edward S. White, of Walton, and that said White stated to the affiant that he assembled the petition and fastened the same together. The affiant also states that he had a conversation with the town clerk of the town of Walton who told affiant that Edward S. White stated to him that he "had assembled said petition and that when presented to him, they consisted of eight separate petitions and that page 1 or the questions requested to be submitted, were detached from said eight separate petitions aforesaid and that the questions to be submitted to voters as contained in page 1 of petition filed on the 19th day of September, 1936, was attached to the pages containing the signatures of the purported voters and therefore the petition as filed is not the identical petition which was signed by the persons whose names are attached thereto but as a fact, the actual petition which they signed was not filed with the town clerk of the town of Walton." This proof by affidavit is hearsay only. A copy of the petition filed with the town clerk is a part of the record and such petition is regular on its face. It was conceded upon the argument that no fraud had actually been committed. While the practice of altering petitions may open the door to fraud with relation to the filing of such petitions and is not to be encouraged, nevertheless in view of the fact that it was conceded there was no actual fraud committed here we hold that the petition as filed was sufficient.

The petition also alleges that at the general election held in the town of Walton on November 5, 1935, there was submitted to the voters of this town the questions contained in group B of section 141 of the Alcoholic Beverage Control Law and as to each of these questions the majority of the votes cast was in the negative. The appellant, therefore, contends that there may not be submitted to the voters of the town at this coming election the questions under group A of section 141. He argues that the questions in group A are all inclusive as to the sale of alcoholic beverages while the questions voted on in 1935 related only to the sale of liquor or wine and that if the questions under group A should be answered in the affirmative it would negative the vote taken on the questions under group B in 1935.

We do not at this time pass upon the effect of the submission of these questions under group A at the coming election should the affirmative prevail as to all or any of them. Subdivision 1 of section 147 of the Alcoholic Beverage Control Law provides

that in any town in which a vote shall be taken on any one group of local option questions provided for in this article, no further vote shall be submitted upon the questions contained *in such group* before the third general election thereafter. Where a vote has been had upon the questions in one group there is no restriction upon the submission within three years of the questions under the other group.

The order should be affirmed.

RHODES, Acting P. J., MCNAMEE, CRAPSER, BLISS and HEFFER-NAN, JJ., concur.

Order affirmed.